351 S.E.2d 428

**STATE of West Virginia**

v.

**Terry STIFF.**

**No. 16899.**

Supreme Court of Appeals of West Virginia.

Dec. 12, 1986.

Bernard L. Spaulding, Logan, for appellant.

Silas Taylor, Deputy Atty. Gen., Office of Atty. Gen., Charleston, for appellee.

PER CURIAM:

The appellant, Terry Stiff, was convicted by a jury of attempted aggravated robbery in the Circuit Court of Logan County and was sentenced to ten years in the penitentiary. His principal assignments of error on appeal are that the court incorrectly allowed into evidence photographs and testimony regarding the victim's identification of the appellant and that the verdict was not supported by the evidence.[1] We find these assignments to be without merit and we affirm.

On April 3, 1984, at approximately 6:00 a.m. James Hatcher answered a knock on the door of his home in Cole Branch, West Virginia. A young black man asked to use the telephone to call an ambulance for his sister who had been injured. Mr. Hatcher allowed the man to come into his home whereupon the man dialed several digits of a telephone number, hung up the receiver and asked directions to the bathroom. When Mr. Hatcher turned his back to the bathroom the man grabbed him from behind by the throat, pointed a gun at his face and threatened to "blow his brains out" if Mr. Hatcher didn't hand over his money.

Mr. Hatcher told the intended robber that he had no money in his pocket but that he did have some hidden in a chair approximately ten feet from where they were standing. When the robber started toward the chair, Mr. Hatcher retrieved a gun he kept hidden beneath a pillow on his bed. A struggle ensued when the man grabbed Mr. Hatcher. The gun went off through

---

1. The appellant also assigns as error: (1) the court's refusal to dismiss the indictment as being defective; (2) the court's refusal to dismiss the indictment because trial was not held during the term of court in which he was indicted; and (3) the court's rulings on certain testimony given during the trial. We have examined these assignments of error and find them to be without merit.

the ceiling and the intended robber ran from the house.

Approximately two hours after the attempted robbery, the sheriff's department answered a complaint about the incident from Mr. Hatcher. In response to the call, a Deputy Hunter went to the Hatcher residence and took a statement from Mr. Hatcher about what had happened. Mr. Hatcher stated that he would be able to recognize the man who had tried to rob him if he saw him again so the deputy returned to the sheriff's office to arrange a photographic array.

Mr. Hatcher came to the sheriff's office about an hour later to view the photographs. He selected the appellant's picture as the robber, and under questioning from the deputy stated that he was positive about the identification. Deputy Hunter obtained an arrest warrant and the appellant was arrested later the same day.

The appellant contends that Mr. Hatcher's pretrial identification of him was inadmissible. He also asserts that the court erred in allowing the photographs used in the identification procedure to be admitted into evidence: first, because Mr. Hatcher testified that he was shown "around" five photographs on two separate cards when Deputy Hunter testified that he was shown six photographs one on top of the other; and second, because Mr. Hatcher described the robber as being between 20 and 30 years old and the ages of the six men in the photographic array ranged between 21 years of age and 47 years of age.

■ We have held that "[a] pretrial identification by photograph will be set aside if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." Syl. pt. 4, *State v. Harless*, 168 W.Va. 707, 285 S.E.2d 461 (1981).

However, "[m]ost courts have concluded that a photographic array will not be deemed excessively suggestive as long as it contains some photographs that are fairly representative of the defendant's physical features. The fact that some of the photographs are dissimilar to the defendant's

appearance will not taint the entire array." Syl. pt. 6, *State v. Harless*, 168 W.Va. 707, 285 S.E.2d 461 (1981).

The circuit court held an *in camera* hearing on the admissibility of the photographs and Mr. Hatcher's identification. After reviewing the photographs and hearing testimony on the identification procedure, the court ruled that there was nothing unduly suggestive about the photographic array and that Mr. Hatcher could testify about his pretrial identification.

■ We have examined the six photographs shown to Mr. Hatcher in this case and having done so, we conclude that the trial court was correct in its ruling on their admissibility. Although one of the photographs depicts a man who is clearly older than the others, the remaining photographs show men who have features that are sufficiently similar that we cannot say the procedure was unduly suggestive or gave rise to a "very substantial likelihood of irreparable misidentification." *See*, Syl. pt. 4, *State v. Harless, supra.*

As to the appellant's contention that the photographs should have been excluded because of the discrepancy surrounding the number of photographs and the manner in which they were shown to Mr. Hatcher, we find no merit. Deputy Hunter said there were six photographs shown individually; Mr. Hatcher thought there were about five, two on one card and three on another. The evidence was that Mr. Hatcher was able to pick out the appellant from the group of photographs within a minute or two and he told Deputy Hunter he was sure about his identification. Whether he remembered five, instead of six, photographs is not dispositive and does not make the identification unreliable. Nor does Mr. Hatcher's recollection that the photographs were on cards. There was no evidence presented indicating that the deputy said or did anything improper to cause Mr. Hatcher to select the appellant's photograph. In addition, at the defendant's request, the court gave a detailed instruction to the jury on the issue of identity and the jury was told

to consider the circumstances under which the identification was made and the credibility of the witness making the identification.[2] Under the circumstances, we find no error.[3]

■■■ The appellant also asserts that the evidence was insufficient to support the verdict against him and that the court erred in refusing to grant his motion for acquittal. This Court set out the standard applicable in analyzing the sufficiency of the evidence on appeal in syllabus point 1 of *State v. Starkey*, 161 W.Va. 517, 244 S.E.2d 219 (1978):

> In a criminal case, a verdict of guilt will not be set aside on the ground that it is contrary to the evidence, where the state's evidence is sufficient to convince impartial minds of the guilt of the defendant beyond a reasonable doubt. The evidence is to be viewed in the light most favorable to the prosecution. To warrant interference with a verdict of guilt on the ground of insufficiency of evidence, the court must be convinced that the evidence was manifestly inadequate and that consequent injustice has been done.

After reviewing the record in this case, we cannot say that the evidence was manifestly inadequate. The State's entire case revolved around Mr. Hatcher's identity of the would-be robber. If the jury believed Mr. Hatcher's testimony, as they were entitled to do, then there was sufficient evidence to support the guilty verdict. We note that in addition to the pretrial identification, Mr. Hatcher made an in-court identification of the appellant as the perpetrator. There is no requirement that a victim's testimony be perfect and the jury was instructed at length about how to appraise Mr. Hatcher's testimony. We find that the court did not err in refusing to grant a motion for judgment of acquittal.

Accordingly, the judgment of the Circuit Court of Logan County is affirmed.

Affirmed.

---

2. Defendant's Instruction No. 8 states in part:

> One of the most important issues in this case is the identification of the defendant as the perpetrator of the crime ... However, you, the jury, must be satisfied beyond a reasonable doubt of the accuracy of the identification of the defendant before you may convict him ... Identification testimony is an expression of belief or impression by the witness. Its value depends on the opportunity the witness had to observe the offender at the time of the offense and to make a reliable identification later. In appraising the identification testimony of a witness, you should consider the following: (1) Are you convinced that the witness had the capacity and an adequate opportunity to observe the offender? Whether the witness had an adequate opportunity to observe the offender at the time of the offense will be affected by such matters as how long or short a time was available, how far or close the witness was, how good were lighting conditions, whether the witness had had occasion to see or know the person in the past ... (2) Are you satisfied that the identification made by the witness susequent to the offense was the product of his own recollec-

tion? You may take into account both the strength of the identification, and the circumstances under which the identification was made. If the identification by the witness may have been influenced by the circumstances under which the defendant was presented to him for identification, you should scrutinize the identification with great care ... (3) You may take into account any occasions in which the witness failed to make an identification of defendant ... (4) Finally, you must consider the credibility of each identification witness in the same way as any other witness, consider whether he is truthful, and consider whether he had the capacity and opportunity to make a reliable observation on the matter covered in his testimony ...

3. The appellant argues that the identification and photographs should have been suppressed under *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). However, because we have found that the photographic identification was not suggestive, it is unnecessary to determine whether the identification meets the *Neil v. Biggers* test. *See, State v. Boykins*, 173 W.Va. 161, 320 S.E.2d 134 (1984).